# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:23-cr-0010 |
| ) | |
| **JERVIN JEROME JEFFERS,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

**BEFORE THE COURT** is Defendant's Unopposed Motion to Continue Trial Date. (ECF No. 64.) For the reasons stated herein, the Court will continue the trial in this matter until April 15, 2024. The Court finds that the time beginning from the date of this Order through April 15, 2024, shall be excluded in computing the time within which the trial in this matter must be initiated.

On February 17, 2023, the Government filed a Complaint charging Defendant with a violation of 18 U.S.C. § 922(g)(5)(A) (Alien in Possession of a Firearm). On March 3, 2023, the Government filed an Information charging Defendant with violations of 18 U.S.C. §§ 922(g)(5) and 924(a)(2) (Alien in Possession of a Firearm) and 8 U.S.C. §§ 1325(a)(1) and 1325(a)(2) (Illegal Entry). Defendant was arraigned on March 27, 2023. Defendant seeks a continuance of the trial currently scheduled for January 22, 2024, asserting that Defendant's motions to suppress and to dismiss are pending, both Defendant's counsel and the Government's counsel have a scheduling conflict on January 24, 2024, involving sentencing in another case that was scheduled prior to the Order scheduling the trial in this case, and should Defendant's motion to suppress be denied, Defendant needs at least 30 days to consult with counsel regarding how to proceed in this action. An Application and Checklist for Speedy trial Extension in which Defendant waived his right to a speedy trial has been filed on January 11, 2024, seeking an extension of the trial date to, and including July 1, 2024.

While the Speedy Trial Act (the "Act") requires that defendants be tried within seventy days of indictment, the Act specifically excludes:

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(1)(A). Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *see United States v. Graves*, 722 F.3d 544, 546 (3d Cir. 2013) (finding that the Speedy Trial Act "excludes periods of delay 'resulting from a continuance granted by a judge,'" including based on "delay resulting from any pretrial motions," so long as the court determined "'that the ends of justice' served by the continuance 'outweigh the best interest of the public and the defendant in a speedy trial'"); *United States v. Stallings*, 701 F. App'x 164, 171 (3d Cir. 2017) (finding that the standard for continuance was met where the prosecutor had a family emergency and another multi-defendant trial scheduled).

The Court finds that the ends of justice served by extending the period in which the trial must begin in this matter outweigh the best interest of the public and the defendant in a speedy trial. Here, an extension of time is necessary to allow Defendant sufficient time to discuss how to proceed in this action upon the Court's resolution of the pending motions and to accommodate both counsel's scheduling conflict. The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through April 15, 2024, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the Government's Unopposed Motion to Continue Trial Date, ECF No. 64, is **GRANTED**; it is further

**ORDERED** that the parties **SHALL** file their respective notices of readiness for trial no later than April 5, 2024; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than April 5, 2024, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-

*United States v. Jeffers*
Case No. 3:23-cr-0010
Order
Page **3** of **3**

standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than April 10, 2024;[1] and it is further

**ORDERED** that the Jury Selection and Trial in this matter previously scheduled for January 22, 2024, are **RESCHEDULED** to commence promptly at 9:00 A.M. on April 15, 2024, in St. Thomas Courtroom 1.

**Dated:** January 12, 2024               */s/ Robert A. Molloy*
                                          **ROBERT A. MOLLOY**
                                          **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.